UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LORNA B.,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:22-cv-00999-AR

OPINION AND ORDER

_____

**ARMISTEAD, Magistrate Judge**

    In this judicial review of the Commissioner's final decision denying Social Security benefits, plaintiff Lorna B. (her last name omitted for privacy) challenges the Administrative Law Judge's evaluation of the medical opinion of Dr. Derek Leinenbach. Because the court finds plaintiff's argument persuasive, the Commissioner's decision is REVERSED and REMANDED for further proceedings.[1]

_____

[1]     This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have

Page 1 – OPINION AND ORDER

**ALJ'S DECISION**

Plaintiff applied for Title II Disability Insurance Benefits (DIB) on December 4, 2018, alleging disability beginning December 26, 2017. (Tr. 218.) Plaintiff also applied for Title XVI Supplemental Security Income (SSI) on December 21, 2018, alleging disability beginning December 3, 2018. (Tr. 220.) Her claims were initially denied on June 18, 2019, and again upon reconsideration on April 16, 2020. (Tr. 89-90, 101-02, 116, 130.) Afterwards, plaintiff filed for a hearing that was held before the ALJ on March 22, 2021. (Tr. 44.)

In denying plaintiff's applications for DIB and SSI, the ALJ followed the five-step sequential evaluation process.[2] At step one, the ALJ determined plaintiff has not engaged in substantial gainful activity since the alleged onset date. (Tr. 18.) At step two, the ALJ determined that she had the following severe impairments: degenerative disc disease, bursitis and degenerative joint disease of the hip, and peripheral neuropathy. (Tr. 18.) At step three, the ALJ determined that her impairments singly or in combination did not meet or medically equal the severity of any listed impairment. (Tr. 19.)

As for the assessment of plaintiff's residual functional capacity (RFC), 20 C.F.R. §§ 404.1545, 416.945, the ALJ determined that plaintiff can perform light work with the following limitations: occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds;

---

consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2]   To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id*.; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

frequently balance but only occasionally stoop, kneel, crouch, and crawl; and frequently, but not constantly, handle and finger bilaterally. (Tr. 19-20.)

At step four, the ALJ determined that plaintiff can perform past relevant work as a server. (Tr. 26.) Because the ALJ found that plaintiff could perform her past relevant work as actually and generally performed, the ALJ did not make alternative step five findings. (Tr. 26.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

A.   ***Dr. Derek Leinenbach's Medical Opinion***

For disability claims filed on or after March 27, 2017, new regulations for evaluation medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68 (Jan 18, 2017). Under those revised regulations, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v.*

*Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support his or her opinions. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* §§ 404.1520c(c)(3), 416.920c(c)(3). An ALJ is not, however, required to explain how they considered those secondary medical factors unless they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* §§ 404.1520c(c)(b), 416.920c(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or

treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").[3]

Dr. Leinenbach conducted a physical consultative examination on May 30, 2019, which included an interview, a review of medical records, and functional testing. (Tr. 384-87.) In his examination report, he included a medical source statement about plaintiff's functional limitations, opining that she can lift and carry to 20 pounds occasionally and 10 pounds frequently; she has no sitting limitations; she does not require an assistive device; she has some postural limitations; no manipulative limitations; and her "[s]tanding and walking is limited to 4-6 hours in an 8-hour workday." (Tr. 386-87.)

In assessing plaintiff's RFC, the ALJ found Dr. Leinenbach's "examination report, and his grossly unremarkable objective observations therein, to be strong persuasive evidence" that plaintiff can perform "fulltime work" consistent with modified light exertion RFC. (Tr. 24.) The ALJ summarized Dr. Leinenbach's opinion as follows:

> Dr. Leinenbach opined that during an eight-hour day, [plaintiff] could lift and carry up to 20 pounds occasionally and 10 pounds frequently, and stand and walk up to six hours, which is consistent with the light exertion range. He opined that she could sit without restriction. He proposed limiting climbing (all forms), crouching, crawling, and stooping to occasionally. He opined that she has no manipulative restrictions.

(Tr. 25.) After discussing those exam findings, the ALJ stated that the RFC is "more restrictive than Dr. Leinenbach's medical source statement. Nevertheless, when viewed in combination with his examination report and the records from [plaintiff's] treatment providers, . . . [his]

---

[3] Under the new framework, the ALJ is no longer required to "provide specific and legitimate reasons for rejecting an examining doctor's opinion;" rather, the ALJ's reasons must "simply be supported by substantial evidence." *Woods*, 32 F.4th at 787.

opinion [is] additional persuasive evidence that supports the overall finding of non-disability." (Tr. 25.)

Plaintiff argues that the ALJ committed two errors in evaluating Dr. Leinenbach's medical opinion: (1) despite finding the opinion persuasive, he did not explain why the specific four-to-six-hour standing and walking limitation was excluded from the RFC; and (2) the ALJ did not discuss the supportability and consistency factors laid out above. The errors are not harmless, in plaintiff's view, because the four-to-six hour limitation could erode the light occupational base and that limitation was not offered in a hypothetical to the vocational expert.

The court agrees. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Although an ALJ is not required to include a physician's recommendations, it is required to include specific functional limitations. *Id.*; *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (distinguishing between doctor's recommendations and imperatives); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (discussing that RFC must adequately capture credited limitations). Because the ALJ found Dr. Leinenbach's opinion persuasive, he was required to include the relevant limitations in the RFC. *Rounds*, 807 F.3d at 1006.

The ALJ purported to include Dr. Leinenbach's opinion by limiting plaintiff to light work. Light work typically requires the ability to stand and walk for six hours in an eight-hour day. SSR 83-10, 96-6p, 83-12. However, the standing and walking limitation assessed by Dr. Leinenbach, which the ALJ found persuasive, provided that "[s]tanding/walking is limited to 4-6 hours in an 8-hour workday," which is less than the full range of standing and walking for light work. (Tr. 386.) The functional limitation is not described by Dr. Leinenbach as a

Page 6 – OPINION AND ORDER

recommendation or suggestion; instead, it is an imperative – a specific functional restriction providing that plaintiff is "limited to 4-6 hours" of standing and walking. Accordingly, the ALJ erred in failing to include that limitation in the RFC. *See Mark K. v. Comm'r Soc. Sec. Admin.*, Case No. 3:21-cv-1436-MO, 2023 WL 7298477, at *4 (D. Or. Nov. 6, 2023) (concluding the ALJ erred in failing to include a limitation in RFC from physician's opinion found to be persuasive that claimant needed to change positions every 30 minutes); *cf. Darling v. Kijakazi*, No. 22-35594, 2023 WL 4103935, at *1 (9th Cir. June 21, 2023) (unpublished) ("To the extent that the ALJ's RFC findings did not account for [the physician's] comments [about a potential impact], he did not err because an ALJ need only incorporate specific imperatives regarding a claimant's limitations, such as diagnoses and statements of functional capacity, rather than recommendations.") (simplified). Although there may be light jobs that require only four hours of standing and walking that plaintiff can perform, that limitation was not provided in a hypothetical to vocational expert, the ALJ ended its analysis at step four, and did not make alternative step-five findings. Consequently, the error is harmful.

      The Commissioner responds that the ALJ reasonably translated Dr. Leinenbach's assessed limitations into the RFC. According to the Commissioner, Dr. Leinenbach opined that plaintiff could stand and walk for four-to-six hours, which necessarily includes the ability to walk up to six hours, which is consistent with light work. Additionally, the Commissioner argues that the ALJ also found the opinions of the agency physicians persuasive – who also opined that plaintiff could stand and walk up to six hours – and that the ALJ resolved the ambiguity between Dr. Leinenbach's opinion and the agency physicians when formulating the RFC and determining that plaintiff could stand and walk up to six hours. The court disagrees in the circumstances of this case.

Page 7 – OPINION AND ORDER

The ALJ's decision does not discuss why the more restrictive standing and walking limitation was excluded, or why the ALJ found agency physicians Drs. Titanji and Backlund's opinions that plaintiff could stand and walk for up to six hours more persuasive. Instead, the ALJ vaguely notes that the RFC determination "is more restrictive than Dr. Leinenbach's medical source statement" and that when Drs. Titanji and Backlund's assessments are viewed in combination with "records from the claimant's treatment providers," their opinions are "additional persuasive evidence of that support the overall finding of non-disability." (Tr. 25.) The RFC is more restrictive than Dr. Leinenbach's opinion concerning postural and manipulative limitations, however, the same is not true concerning the standing and walking limitation. (*See* Tr. 19-20.) Although the ALJ states that other treatment providers' records support the RFC, Drs. Titanji and Backlund are not treating providers. And the ALJ does not cite or discuss records that might support a six-hour standing and walking limitation when discussing Drs. Leinenbach, Titanji, and Backlund's opinions. Contrary to the Commissioner's contention, the court is therefore left to guess as to why the four-to-six hour limitation is excluded or why the ALJ resolved the discrepancy between Dr. Leinenbach and the agency physicians' opinions in the manner it did. Although the Commissioner proffers a potentially reasonable line of thinking, the ALJ did not provide such reasoning, and the court cannot consider this *poc hoc* rationalization. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations that attempt to intuit what the adjudicator may been thinking.").

The Commissioner's reliance on *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995), is misplaced. In *Orteza*, the court agreed that the ALJ's interpretation of a physician's opinion that

Page 8 – OPINION AND ORDER

limited the claimant to a "sedentary type job" did not specifically limit him to sedentary work because the claimant's treating physician did not provide a medical opinion with the requisite functional limitations for sedentary work, did not do any strength testing, and there was no evidence before the ALJ showing that the claimant should be limited to sedentary work. *Id*. The same cannot be said in the present case; Dr. Leinenbach provided a medical opinion that specifically limited plaintiff to standing and walking for four-to-six hours after conducting a consultative examination with extensive testing.

      The court finds other cases cited by the Commissioner likewise distinguishable. For example, in *Harris v. Comm'r Soc. Sec. Admin.*, the court examined the ALJ's interpretation of a four-to-six-hour walking limitation to mean up to six hours in an eight-hour workday. (Def.'s Br. at 5.) The *Harris* court determined that the ALJ's interpretation was consistent with the opinion of another doctor and the ALJ did not err in excluding the four-to-six hour limitation. No. 20-35842, 2021 WL 4027809, *1 (9th Cir. Sept. 3, 2021) (unpublished). Unlike *Harris*, the ALJ here did not discuss how the agency physicians' opinions were consistent with Dr. Leinenbach's. And in *Hayes v. Kijakazi*, the ALJ credited the physicians' opinions containing a four-to-six-hour stand/walk limitation, cited other record evidence demonstrating that the claimant was capable of standing and walking up to six hours, and included a less than six-hour walking/standing limitation in the hypothetical proposed to the vocational expert. No. 1:20-CV-742-HBK, 2022 WL 873516, at *3-6 (E.D. Cal. Mar. 24, 2022), *appeal dismissed*, No. 22-15785, 2022 WL 17175136 (9th Cir. 2022). Given that the ALJ did not identify any record evidence supporting a standing and walking limitation of up six hours, did not provide a less than six-hour hypothetical to the vocational expert, and did not discuss Dr. Leinenbach's four-to-six-hour limitation, *Hayes* is likewise not dispositive.

Page 9 – OPINION AND ORDER

Turning to plaintiff's second argument concerning the supportability and consistency factors, the court partially agrees with plaintiff. The ALJ reasoned that plaintiff could perform a reduced range of light work based on Dr. Leinenbach's "grossly unremarkable objective findings." (Tr. 24.) The ALJ's findings and description of Dr. Leinenbach's examination and opinion are backed by substantial evidence and this reason adequately explains how the supportability factor was considered. However, the ALJ failed to discuss how Dr. Leinenbach's opinion was consistent with the opinions of agency physicians Drs. Titanji and Backlund. (Tr. 25.) The ALJ noted that Drs. Titanji and Backlund reviewed Dr. Leinenbach's examination, and that the agency physicians determined that plaintiff could perform a reduced range of light work. (Tr. 25.) However, aside from the ALJ's summary determination that based on Drs. Leinenbach's, Titanji's, and Blacklund,'s opinions, plaintiff can perform light work (Tr. 26), there is no analysis of how the consistency factor was considered. Accordingly, the ALJ has erred. *See* Woods, 32 F.4th at 792 (holding ALJ must articulate how it considered the supportability and consistency factors).

In sum, by failing to include Dr. Leinenbach's four-to-six hour standing and walking limitation in the RFC or in a hypothetical to the vocational expert, the ALJ committed harmful error and the ALJ erred by failing to discuss the consistency factor concerning Dr. Leinenbach's opinion.

**D.    *Remedy***

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. Harman v. Apfel, 211 F.3d

Page 10 – OPINION AND ORDER

1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

As discussed above, the ALJ erred in evaluating Dr. Leinenbach's medical opinion, which necessarily results in an incomplete RFC. As such, the issue of plaintiff's RFC remains unresolved. *Taylor v. Berryhill*, 729 F. App'x 906, 907 (9th Cir. 2018) ("Remand for further proceedings is proper because outstanding issues in the record remain that must be resolved before a determination of disability can be made.) Such an error is "not inconsequential to the ultimate nondisability determination." *See Treichler v. Comm'n Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

On remand, the ALJ shall reevaluate Dr. Leinenbach's medical opinion according to the regulations set forth in 20 C.F.R. §§ 404.1520c(c), 416.920c(c), including consistency. The ALJ will incorporate any and all limitations resulting from the reevaluation of Dr. Leinenbach's medical opinion into plaintiff's RFC, or provide reasoning supported by substantial evidence why any portion of the medical opinion is rejected. As warranted, the ALJ will reevaluate plaintiff's RFC and obtain any supplemental VE evidence if necessary. *Garrison*, 759 F.3d at 1019 (stating remand is appropriate where "additional proceedings can remedy defects in the

Page 11 – OPINION AND ORDER

original administrative proceeding").

## CONCLUSION

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further proceedings.

DATED: March 5, 2024.

_____<br>
JEFF ARMISTEAD<br>
United States Magistrate Judge